# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

_____

**In Re:  Bruns, Tara Lee**

                                                            **Case No. BKY 18-40509**

          **Debtor Plaintiff,**

              **v.**

**Clinic Femina, LLC, and**
**Scott M Ross, MD**

                                    **Defendant(s)**
_____

## COMPLAINT FOR VIOLATION OF AUTOMATIC STAY AND DISCHARGE INJUNCTION

    1.  This case was commenced by Debtor Plaintiff, Tara Lee Bruns, represented by Walker & Walker Law Offices, PLLC, by filing a voluntary petition under Chapter 7 of the Bankruptcy Code on February 23, 2018.

    2.  This complaint is filed, pursuant to provisions of  11 U.S.C. §§ 362(a) and (k), 11 U.S.C. §524(a), and 11 U.S.C. § 105; and Federal Rule of Bankruptcy Procedure 7001; for violations of the automatic stay and discharge injunction committed by Clinic Femina, LLC, and Scott M. Ross, MD.

    3.  This Court has jurisdiction under 28 U.S.C. § 1334 and § 157.  This proceeding is a core proceeding.

    4.  The Plaintiff received her discharge order pursuant to 11 U.S.C. § 727 on May 22, 2018.

    5.  While the Plaintiff was under the protection of the automatic stay, the Defendants Clinic Femina, LLC, and Scott Ross, filed a lawsuit against her in Conciliation Court in Scott County, Minnesota, in an attempt to collect their pre-petition debt for a wage advance. Docket # 70-CO-18-4145.

    6.  Plaintiff, through her counsel, notified the Defendants of the bankruptcy via Certified Mail and by phone call on March 13, 2018. The Defendant was inadvertently not included as a creditor in the original filing.  The Defendants was informed of the

automatic stay in place and was notified to dismiss the court action and proceed no further.

7. Despite letters and phone calls notifying the Defendants of the bankruptcy, the Defendants proceeded to continue with the conciliation court action, and obtained a judgment against the debtor Plaintiff on May 1, 2018.

8. This action was in violation of 11 U.S.C. § 362(a). Obtaining the judgment against the Plaintiff was intentional and damaging to the Plaintiff's reputation as well as harmful to the debtor emotionally.

9. After the debtor Plaintiff left her employment at Clinic Femina, she applied for Unemployment Benefits. The Defendants objected to the Plaintiff receiving unemployment benefits. A decision on this matter was made on March 21, 2018 by Unemployment Law Judge Katie Conlin.

10. The Unemployment Law Judge found that the debtor Plaintiff left her employment because of a good reason caused by the employer. The good reason was because of a hostile, intimidating, and offensive working environment created by Defendant Ross. See Exhibit A. This adverse ruling against Defendant Ross only added fuel to the fire to collect the pre-petition debt.

11. On or around May 25, 2018, the Defendants received notice of the discharge order sent via First Class Mail by the Bankruptcy Noticing Center.

12. On June 8, 2018, despite receiving notifications of the bankruptcy and the bankruptcy discharge, the Defendants proceeded to file a second lawsuit in Scott County Conciliation Court in an attempt to collect on the same pre-petition debt. Docket # 70-CO-18-10232.

13. The conciliation court dismissed this case after holding the hearing, which was attended by the Plaintiff, along with her bankruptcy counsel, and the Defendant.

14. After the court dismissed the case, the Defendants proceeded to file a third lawsuit against the Plaintiff, this time in Carver County on July 17, 2018. Docket # 10-CO-18-245. This case remains pending with a hearing date of October 8, 2018. See Exhibit B.

15. The Defendants' intentions appear to be to cause harm to the debtor Plaintiff. From the Defendants' own conciliation court filings, the pre-petition debt inexplicably went up $2,000.00 from the original conciliation court filing on February 26, 2018 to the later court cases commenced after discharge. The language used to describe the claim also becomes openly hostile and spiteful in the later conciliation court filings. See Exhibit C.

16. The repeated filing of lawsuits on the discharged debt is intentional and in wanton disregard of the bankruptcy court's discharge injunction. The behavior by the Defendant to collect this pre-petition debt is egregious, vindictive, vengeful, and malicious. The Plaintiff's reputation has been damaged due to these lawsuits, and she has suffered extreme emotional distress because of them.

17. Because of the Defendants willful conduct in violation of the automatic stay and discharge, the Plaintiff Tara Bruns has suffered the following concrete and measurable actual harms:
1. Difficulty in finding new employment because the lawsuit from a former employer against her appears on background checks and is publicly searchable on www.mncourts.gov/publicaccess. She has not been able to find employment since these lawsuits were unjustifiably commenced.
2. Attorney's fees for her bankruptcy counsel to appear at multiple hearings for state court debt collection proceedings, and a filing fee to reopen her bankruptcy case.
3. Transportation expense and loss of her personal time to attend these hearings.
4. Emotional distress from being sued by a former employer who was in a position of authority over her for a debt that she no longer owes.

WHEREFORE, the Plaintiff prays for injunctive relief, actual and compensatory damages, general damages, punitive damages, sanctions, costs and attorneys' fees, and ordering such other and further relief as is just and proper.

Dated:   August 21, 2018

/s/ Ethan J. Mustonen

Curtis K. Walker, #113906
Andrew C. Walker, #392525
Ethan J. Mustonen, #399356
4356 Nicollet Avenue South
Minneapolis, Minnesota 55409
(612) 824-4357

**m  MINNESOTA**
UNEMPLOYMENT INSURANCE

Document ID: 139769871

Exhibit A

03/21/2018

139769871

TARA L BRUNS
2875 ARBORETUM VILLAGE TRL
CHANHASSEN MN 55317-4436

Issue Identification Number: 36401497-1

## NOTICE OF DECISION
## OF THE UNEMPLOYMENT LAW JUDGE

Under Minnesota Statutes 268.105, subdivision 1, the enclosed decision of the Unemployment Law Judge is served on you.

**NOTICE TO THE PARTIES:** The law of the State of Minnesota at Minnesota Statutes 268.105, subdivision 5a, provides that the findings of fact and decision issued are only for unemployment insurance benefit entitlement purposes and do not affect any other legal or contractual matter.

**ALSO MAILED TO:**

CLINIC FEMINA, EMPLOYER

Page 1 of 6                                                                                    Document Number: B3600-001
Department of Employment and Economic Development
PO Box 4629 | Saint Paul, MN 55101-4629 USA
651-296-3745 | Fax: 651-205-4007 | TTD: Toll Free: 1-866-814-1252 | www.uimn.org/uimn/
An equal opportunity employer and service provider

# MINNESOTA
UNEMPLOYMENT INSURANCE

Document ID: 139769871

In the Matter of:

TARA BRUNS,
        Applicant,

AND

**FINDINGS OF FACT AND DECISION**

CLINIC FEMINA,
        Employer.

---

An evidentiary hearing, under Minnesota Statutes 268.105, subdivision 1, was conducted on Tuesday, March 20, 2018, as a result of the Department 's appeal from a of issued on .

## ISSUE(S)

Whether the applicant quit or was discharged.

Whether the applicant quit because of a good reason caused by the employer.

## FINDINGS OF FACT

The appeal of Tara Bruns was heard by telephone conference on March 16, 2018. Bruns, the applicant, participated. Scott Ross, physician and business owner, participated on behalf of the employer, Clinic Femina.

Bruns worked for the employer, a female cosmetic plastic surgery practice, from April of 2017 until February 5, 2018. Bruns worked as a receptionist and certified medical assistant for the employer. Bruns worked four days per week and she earned $22 per hour.

Bruns was close friends with a female colleague who was dating Ross. The colleague told Bruns sexually explicit and intimate details about her relationship with Ross. Such comments made Bruns uncomfortable, as Ross was her boss. Bruns did not complain about the comments to Ross because she was afraid to complain to him about his relationship with the colleague. Clinic Femina is a small employer that does not have a human resources department.

Department of Employment and Economic Development
PO Box 4629 | Saint Paul, MN 55101-4629 USA
651-296-3745 | Fax: 651-205-4007 | TTD: Toll Free: 1-866-814-1252 | www.uimn.org/uimn/
An equal opportunity employer and service provider

**m MINNESOTA**
UNEMPLOYMENT INSURANCE

Document ID: 139769871

In the three months leading up to the end of her employment, Bruns was absent from work numerous times, primarily due to her son's school schedule or illness.

On February 4, 2018, Ross emailed Bruns regarding her position. Among other things, Ross mentioned that Bruns was behind on her repayment of a salary advance and she had been absent numerous times. Ross indicated that Bruns' shifts were to be covered for the next two weeks, and he suggested that Bruns evaluate whether the job was still a good fit for her and when she planned to reimburse the amount owed to the employer.

On February 5, 2018, Bruns decided to quit her employment with Clinic Femina because she felt it was unfair that she was being suspended for two weeks due to unavoidable absences and because the workplace had become uncomfortable for her as a result of Ross' relationship with a coworker and that coworker's discussion of the relationship with Bruns.

## REASONS FOR DECISION

The unemployment law judge left the record open at the end of the hearing for the employer to submit evidence of the email sent to Bruns regarding the suspension and evidence of whether Bruns received paid time off, and for Bruns to submit any written legal objection to the admission of the evidence submitted by the employer. The employer forwarded the requested email and also wrote commentary regarding several other topics, including a list of dates for which Bruns allegedly received paid time off. Bruns replied with commentary disputing whether she received paid time off on the dates indicated by the employer, and she also submitted several screenshots of text messages which had not been requested. Bruns' email can reasonably be interpreted to contain an objection to the validity of the employer's report of days for which Bruns received paid time off. Because the employer submitted only a written account of information about Bruns' paid time off, and not evidence such as time sheets or pay stubs, the employer's emailed comments to the unemployment law judge will not be admitted into the record. The email Ross sent to Bruns on February 4, 2018, will be admitted into the record. The portion of Bruns' email to the Department that contains the objection to Ross' additional evidence will be admitted into the record. The remaining information emailed by Bruns was not requested and will not be admitted into the record. The record is now closed.

The findings of fact are based primarily on Bruns' testimony and the employer's written submissions. Although Bruns was mistaken in her testimony about whether Ross had specified that she would not be paid for the two-week suspension, much of her testimony regarding the

Page 3 of 6                                                                                             Document Number: B3600-001
Department of Employment and Economic Development
PO Box 4629 | Saint Paul, MN 55101-4629 USA
651-296-3745 | Fax: 651-205-4007 | TTD: Toll Free: 1-866-814-1252 | www.uimn.org/uimn/
*An equal opportunity employer and service provider*



**MINNESOTA**
UNEMPLOYMENT INSURANCE

Document ID: 139769871

relevant facts was credible because it was detailed and plausible. In particular, Bruns' testimony about the types of comments her colleague made about her intimate relationship with Ross was credible because it was specific and because Bruns' reluctance to repeat the words used by the colleague seemed to indicate a genuine discomfort with those words.

Minnesota Statutes, section 268.095, subdivision 2 states that a quit from employment occurs when the decision to end the employment was, at the time the employment ended, the employee's. A notice of quitting in the future does not constitute a quit at the time the notice is given.

Minnesota Statutes, section 268.095, subdivision 5 provides that a discharge from employment occurs when any words or action by an employer would lead a reasonable employee to believe that the employer will no longer allow the employee to work for the employer in any capacity. A layoff because of lack of work is a discharge.

A preponderance of the evidence supports a conclusion that, although the employer had suspended Bruns for two weeks, the email Ross sent to Bruns would not lead a reasonable employee to believe that the employer will no longer allow the employee to work for the employer in any capacity. Further, Bruns testified that the decision to end the employment was hers and that she believed she would have been allowed to return to work, had she wanted to do so.

On February 5, 2018, Bruns decided to quit her employment with Clinic Femina.

Minnesota Statutes, section 268.095, subdivision 1, states that an applicant who quits employment is ineligible for benefits unless an exception to ineligibility applies. One such exception is when the applicant quits because of a good reason caused by the employer.

Minnesota Statutes, section 268.095, subdivision 3, defines a good reason caused by the employer as a reason that is directly related to the employment and for which the employer is responsible; that is adverse to the worker; and that would compel an average, reasonable worker to quit and become unemployed rather than remaining in the employment.

Minnesota Statutes, section 268.095, subdivision 3, paragraph (f), states that an applicant has a good reason caused by the employer for quitting if it results from sexual harassment of which the employer was aware, or should have been aware, and the employer failed to take timely and appropriate action. Sexual harassment means unwelcome sexual advances, requests for sexual favors, sexually motivated physical contact or other conduct or communication of a sexual nature when the conduct or communication has the purpose or effect of substantially interfering with an applicant's work performance or creating an intimidating, hostile, or offensive working environment.

Page 4 of 6                                                                 Document Number: B3600-001
Department of Employment and Economic Development
PO Box 4629 | Saint Paul, MN 55101-4629 USA
651-296-3745 | Fax: 651-205-4007 | TTD: Toll Free: 1-866-814-1252 | www.uimn.org/uimn/
*An equal opportunity employer and service provider*

# MINNESOTA
UNEMPLOYMENT INSURANCE

Document ID: 139769871

Bruns credibly testified that her colleague's relationship with Ross and sexually explicit discussion of that relationship led to an uncomfortable working environment. Bruns also credibly testified that she was afraid to speak to Ross about the issue. Ross knew or should have known that his relationship with an employee could lead to this type of problem in the workplace. Ross took no action to try to prevent or address the effect of his personal relationship with his employee in the workplace, which ultimately led to an intimidating and offensive working environment for Bruns. The intimidating and offensive working environment was part of the reason Bruns decided to quit her employment.

On February 5, 2018, Bruns quit her employment with Clinic Femina because of a good reason caused by the employer, under Minnesota Statutes, section 268.095. If Bruns meets all other eligibility requirements, she is eligible for payment of unemployment benefits.

## DECISION

On February 5, 2018, Tara Bruns quit her employment with Clinic Femina because of a good reason caused by the employer, under Minnesota Statutes, section 268.095. Bruns is eligible for unemployment benefits if she meets all other eligibility requirements.

Any unemployment benefits paid to Bruns will be used in computing the future unemployment tax rate of Clinic Femina, pursuant to Minnesota Statutes, section 268.047.

Dated: Wednesday, March 21, 2018        Katie Conlin
                                        Unemployment Law Judge

**MEMORANDUM:**

This eligibility issue was originally assigned issue identification number 36283809-2; however, for administrative purposes, this issue has been assigned a new issue identification number, 36401497-1.

To review your account log in to www.uimn.org

If you have any questions about this decision, you may contact the the Unemployment Insurance Program. You must have your Issue Identification Number available when you call.

Page 5 of 6                                                    Document Number: B3600-001
Department of Employment and Economic Development
PO Box 4629 | Saint Paul, MN 55101-4629 USA
651-296-3745 | Fax: 651-205-4007 | TTD: Toll Free: 1-866-814-1252 | www.uimn.org/uimn/
An equal opportunity employer and service provider



**MINNESOTA**
UNEMPLOYMENT INSURANCE

Document ID: 139769871

It is important for you to request benefits according to your assigned schedule during the reconsideration process. If the decision is in your favor, you will be paid for weeks that you have properly requested, provided all the other eligibility requirements are met.

### REQUEST FOR RECONSIDERATION

If you believe this decision is factually or legally incorrect, you may request the unemployment law judge to reconsider the decision. You may do this by logging in to your account at www.uimn.org/uimn/, by fax, or by mail (fax number and address are listed at the bottom of this page). A request for reconsideration must include the issue identification number.

Under Minnesota Statute 268.105, subdivision 2, this decision will be final unless a request for reconsideration is filed with the unemployment law judge on or before Tuesday, April 10, 2018.

This decision allows you to be paid unemployment benefits if you are otherwise eligible. CLINIC FEMINA has the right to request reconsideration within 20 days from the date this decision was mailed.

Page 6 of 6                                                                                          Document Number: B3600-001
Department of Employment and Economic Development
PO Box 4629 | Saint Paul, MN 55101-4629 USA
651-296-3745 | Fax: 651-205-4007 | TTD: Toll Free: 1-866-814-1252 | www.uimn.org/uimn/
*An equal opportunity employer and service provider*

**Exhibit B**

State of Minnesota  
Carver County

District Court  
First District  
Court File Number: 10-CO-18-245  
Case Type: Conciliation

**Notice of Hearing**

**TARA BRUNS**  
**2875 ARBORETUM TRL**  
**CHANHASSEN MN 55317**

---

**Clinic Femina LLC vs Tara Bruns**

You are notified of the following hearing date(s):

| Setting |
| --- |
| October 08, 2018<br>Conciliation Hearing<br>8:30 AM |

at the following location:

**No Judicial Officer Assigned**  
**Carver County District Court**

**604 East Fourth Street**  
**Chaska Minnesota 55318**  
**952-361-1420**

You are expected to appear fully prepared.

Dated: July 18, 2018

Mary P. Dalbec  
Carver County Court Administrator

cc:   Clinic Femina LLC

8/17/2018    pa.courts.state.mn.us/CaseDetail.aspx?CaseID=1625986260

Case 18-40509    Doc 13    Filed 08/21/18    Entered 08/21/18 09:40:03    Desc Main
Document    Page 11 of 17

Skip to Main Content Logout My Account Search Menu New District Civil Search Refine Search Back      Location : All MNCIS Sites - Case Search    Help

# REGISTER OF ACTIONS
## CASE NO. 10-CO-18-245

| | | |
|---|---|---|
| **Clinic Femina LLC vs Tara Bruns** | § § § § § | Case Type: **Conciliation**<br>Date Filed: **07/17/2018**<br>Location: **Carver** |

---

### PARTY INFORMATION

                                                                                                                                                                  **Lead Attorneys**

**Defendant**     **Bruns, Tara**
                         Chanhassen, MN 55317

**Plaintiff**       **Clinic Femina LLC**
                         Minneapolis, MN 55408

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 07/18/2018 | Statement of Claim and Summons | Index # 1 |
| 07/18/2018 | Notice of Hearing    Index # 2 | |
| 08/02/2018 | Affidavit of Service    Index # 3 | |
| 08/02/2018 | Proof of Service    Index # 4 | |
| 10/08/2018 | Conciliation Hearing (8:30 AM) () | |

---

### FINANCIAL INFORMATION

| | |
|---|---:|
| **Plaintiff** Clinic Femina LLC | |
| Total Financial Assessment | 80.00 |
| Total Payments and Credits | 80.00 |
| **Balance Due as of 08/17/2018** | **0.00** |
| | |
| 07/17/2018   Transaction Assessment | 80.00 |
| 07/17/2018   Counter Payment    Receipt # 0010-2018-002769    Clinic Femina LLC | (80.00) |

Exhibit C

**State of Minnesota**  **Conciliation Court**

| County |
|---|
| SCOTT |

| Judicial District: |
|---|
| Court File Number: 70-CO-18-4145 |
| Case Type: |

## STATEMENT OF CLAIM AND SUMMONS

**Plaintiff # 1**

| Name | Clinic Femina, LLC |
|---|---|
| Address | 1620 West Lake ST |
| City/State/Zip | Mpls., MN 55408 |

**Plaintiff # 2**

| Name | |
|---|---|
| Address | |
| City/State/Zip | |

vs

**Defendant # 1**

| Name | Tara Bruns |
|---|---|
| Address | 2077 12th Ave. N. |
| City/State/Zip | Shakopee, MN 55379 |

**Defendant # 2**

| Name | |
|---|---|
| Address | |
| City/State/Zip | |

☐ Check box if there are more than two plaintiffs or more than two defendants. List the information for the other parties on the *Additional Litigants Form*, CCT702.

### PLAINTIFF'S STATEMENT OF CLAIM

**FILED**
**FEB 26 2018**

1. I am filing this claim against Defendant for: *(check all that apply)*

☒ The Defendant owes me $ 1900 , plus filing fees and costs in the amount of $ 78.00 , so my total claim is for $ 1978 (amount Defendant owes plus filing fees and costs). I have a claim for this amount because in Oct. 2017 (month and year), the following happened (briefly describe): Defendant asked for an advance on her wages to pay for some expenses she incurred. She signed an agreement to pay back Clinic Femina in full, but decided to quit her employment before paying off advance & refuses to pay back this loan to her.

☐ The Defendant has the following property that belongs to me (list property): **RECEIVED**

**FEB 2 6 2018**

**SCOTT COUNTY COURTS**

_____

_____.

My property is valued at $ _____. The filing fees and costs for this case are $_____. I want the court to order this property returned to me or make the Defendant pay me $_____ (property's value plus the filing fees and costs).

2. I believe the person I am suing is at least 18 years old.
   Defendant #1 date of birth: _____ / ☐ Unknown.
   Defendant #2 date of birth: _____ / ☐ Unknown.
   *If a defendant is a business, leave this section blank for that defendant.*

3. About military service:
   Defendant # 1 ☐ is in the military service / ☐ is not in the military service / ☐ Unknown.
   Defendant # 2 ☐ is in the military service / ☐ is not in the military service / ☐ Unknown.
   *If a defendant is a business, leave this section blank for that defendant.*

4. I understand that if I do not come to court on my hearing date, my case may be dismissed and I may have to pay money to Defendant on any counterclaim that has been filed.

I declare under penalty of perjury that everything I have stated in this document is true and correct. Minn. Stat. § 358.116.

**Important!** Each plaintiff must sign the *Statement of Claim and Summons* form and include the date signed, the name of the state and county where signed, and provide the following information: title, if any, telephone number, date of birth, and e-mail address.

_2/22/18_
**Date**

_Hennepin, MN_
Name of county and state where signed

**Signature** _[signed]_

Name: _Scott M. Russ_
Title, if any: _Owner_
Telephone: _612-805-5075_
Date of birth: _____
E-mail address: _____

**State of Minnesota**  **Conciliation Court**

County: Scott

Judicial District:
Court File Number: 70-CO-18-10232
Case Type:

## STATEMENT OF CLAIM AND SUMMONS

**Plaintiff # 1**
Name: Clinic Femina, LLC
Address: 1620 W. Lake St.
City/State/Zip: Mpls, MN 55408

**Plaintiff # 2**
Name:
Address:
City/State/Zip:

vs

**Defendant # 1**
Name: Tava Bruns
Address: 2875 Arboretum Trl
City/State/Zip: Charhassen, MN 55317

**Defendant # 2**
Name:
Address:
City/State/Zip:

☐ Check box if there are more than two plaintiffs or more than two defendants. List the information for the other parties on the *Additional Litigants Form*, CCT702.

FILED
JUN 08 2018
SCOTT COUNTY COURTS

### PLAINTIFF'S STATEMENT OF CLAIM

1. I am filing this claim against Defendant for: *(check all that apply)*

☐ The Defendant owes me $ 3900 , plus filing fees and costs in the amount of $ 78.00 , so my total claim is for $ 3978 (amount Defendant owes plus filing fees and costs). I have a claim for this amount because in 2/2018 (month and year), the following happened (briefly describe): Defendant committed fraud by misrepresenting & lying to DRS. Ross, Haycraft & Stachowicz about her need to "borrow" money from each doctor, creating false stories to each doctor in order to fraudulently obtain over $3900 and then abscond with these funds fraudulently obtained

☐ The Defendant has the following property that belongs to me (list property): _____

RECEIVED
JUN 08 2018
Scott County Courts

CCT102    State    ENG    Rev 2/17    www.mncourts.gov/forms    Page 1 of 3

_____

_____.

My property is valued at $_____. The filing fees and costs for this case are $_____. I want the court to order this property returned to me or make the Defendant pay me $_____ (property's value plus the filing fees and costs).

2. I believe the person I am suing is at least 18 years old.
   Defendant #1 date of birth: _____ / ☐ Unknown.
   Defendant #2 date of birth: _____ / ☐ Unknown.
   *If a defendant is a business, leave this section blank for that defendant.*

3. About military service:
   Defendant # 1 ☐ is in the military service / ☐ is not in the military service / ☐ Unknown.
   Defendant # 2 ☐ is in the military service / ☐ is not in the military service / ☐ Unknown.
   *If a defendant is a business, leave this section blank for that defendant.*

4. I understand that if I do not come to court on my hearing date, my case may be dismissed and I may have to pay money to Defendant on any counterclaim that has been filed.

I declare under penalty of perjury that everything I have stated in this document is true and correct. Minn. Stat. § 358.116.

**Important!** Each plaintiff must sign the *Statement of Claim and Summons* form and include the date signed, the name of the state and county where signed, and provide the following information: title, if any, telephone number, date of birth, and e-mail address.

Date: 6/1/18

Signature: *Scott Ross M.D.*

Name of county and state where signed: Scott, MN

Name: Scott M. Ross, M.D.
Title, if any: President
Telephone: 612-805-5075
Date of birth: 1/25/58
E-mail address: skinphysician@aol.com



# FILED
## JUL 17 2018
### CARVER COUNTY COURTS

**State of Minnesota**        **Conciliation Court**

| County |
|---|
| CARVER |

| Judicial District: 1A |
|---|
| Court File Number: 10-CO-18-345 |
| Case Type: |

## STATEMENT OF CLAIM AND SUMMONS

**Plaintiff # 1**

| Name | Clinic Femina LLC |
|---|---|
| Address | 1620 West Lake St. |
| City/State/Zip | Mpls, MN 55408 |

**Plaintiff # 2**

| Name | |
|---|---|
| Address | |
| City/State/Zip | |

vs

**Defendant # 1**

| Name | Tara Bruns |
|---|---|
| Address | 2875 Arboretum Trail |
| City/State/Sip | Chanhassen, MN 55317 |

**Defendant # 2**

| Name | |
|---|---|
| Address | |
| City/State/Zip | |

☐ Check box if there are more than two plaintiffs or more than two defendants. List the information for the other parties on the *Additional Litigants Form*, CCT701.

## PLAINTIFF'S STATEMENT OF CLAIM

1. I am filing this claim against Defendant for: *(check all that apply)*

☐ The Defendant owes me $ 3900.00 plus filing fees and costs in the amount of $ 80 , so my total claim is for $ 3980. (amount Defendant owes plus filing fees and costs). I have a claim for this amount because in 2/2018 (month and year), the following happened (briefly describe): Defendant committed fraud by misrepresenting & lying to Drs. Ross Haycraft & Stachowicz about her need to "borrow" money from each doctor in order to fraudulently create false stories, with the goal to obtain $3900 & the abscond with these funds.

☐ The Defendant has the following property that belongs to me (list property): _____

_____

_____

My property is valued at $ _____ . The filing fees and costs for this case are $ _____ . I want the court to order this property returned to me or make the Defendant pay me $ _____ (property's value plus the filing fees and costs).

2. I believe the person I am suing is at least 18 years old.
   Defendant #1 date of birth: _____ / ☐ Unknown.
   Defendant #2 date of birth: _____ / ☐ Unknown.
   *If a defendant is a business, leave this section blank for that defendant.*

3. About military service:
   Defendant # 1 ☐ is in the military service / ☐ is not in the military service / ☐ Unknown.
   Defendant # 2 ☐ is in the military service / ☐ is not in the military service / ☐ Unknown.
   *If a defendant is a business, leave this section blank for that defendant.*

4. I understand that if I do not come to court on my hearing date, my case may be dismissed and I may have to pay money to Defendant on any counterclaim that has been filed.

I declare under penalty of perjury that everything I have stated in this document is true and correct. Minn. Stat. § 358.116.

**Important!** Each plaintiff must sign the *Statement of Claim and Summons* form and include the date signed, the name of the state and county where signed, and provide the following information: title, if any, telephone number, date of birth, and e-mail address.

__7/17/18__　　　　　　　　__Scott Ross, M.D.__
**Date**　　　　　　　　　　**Signature**

__Carver, MN__　　　　　　Name: __Scott M. Ross__
Name of county and state where signed
　　　　　　　　　　　　　Title, if any: __President__
　　　　　　　　　　　　　Telephone: __612-805-5075__
　　　　　　　　　　　　　Date of birth: __1/25/54__
　　　　　　　　　　　　　E-mail address: __skinphysician@aol.com__